IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCAS KOSNER, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) P.F. CHANG'S CHINA BISTRO, INC., ) Defendant. ) ) ) ) | No. 14-cv- **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

1. On June 30, 2014, Plaintiff Lucas Kosner ("Plaintiff") filed this class action lawsuit against Defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's") on behalf of himself and other similarly situated individuals for Defendant's failure to secure and safeguard its customers' personal financial data, including credit and debit card information. Plaintiff seeks relief pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. 505/2 and the materially similar laws of other states, as well as under a common law theory of breach of implied contract.

2. Defendant has not yet been served with Plaintiff's Complaint.

3. To preserve the interests of the putative class members, as explained further below, Plaintiff on behalf of himself and all other similarly situated consumers, hereby moves this Court for an Order certifying the following class under Federal Rule of Civil Procedure 23 (the "National Class"):

**National Class**

All persons residing in the United States who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 11, 2014. Excluded from the National Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

4. Plaintiff further moves this Court for an Order certifying the following class under Federal Rules of Civil Procedure 23 (the "Consumer Fraud Multistate Class"):

**Consumer Fraud Multistate Class**

All persons residing in one of the Consumer Fraud States[1] who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 11, 2014 (the "Consumer Fraud Multistate Class"). Excluded from the Consumer Fraud Multistate Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

---

[1] The States that have similar consumer fraud laws based on the facts of this case are: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code §17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code § 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.* ); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349,*et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15, § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Pennsylvania (73 P.S. § 201-1, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6- 101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

5. In the alternative to the Consumer Fraud Multistate Class, Plaintiff hereby moves this Court for an Order certifying a class of similarly situated Illinois residents (the "Illinois State Class"):

### Illinois State Class

> All persons residing in the State of Illinois who made an in-store purchase at a P.F. Chang's restaurant using a debit or credit card at any time from September 18, 2013 through June 11, 2014. Excluded from the Illinois State Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

6. Plaintiff seeks to enter and continue this motion until Defendant has appeared and class discovery has been completed. This motion is merely to provide notice to Defendant of Plaintiff's intent to seek class certification and to protect the interests of unnamed Class members.

7. In order to avoid "picking off" a lead plaintiff, thus allowing the disputed conduct to go unaddressed as to the rest of a putative class, the Seventh Circuit and Illinois Supreme Court hold that motions for class certification must be filed immediately. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011); *Barber v. Am. Airlines, Inc.*, 241 Ill. 2d 450, 461, 948 N.E.2d 1042, 1048 (Ill. 2011).

8. Accordingly, Plaintiff files the instant motion.

9. Class treatment is appropriate here because, upon information and belief, the proposed Class consists of thousands of consumers. If this case is afforded the opportunity to proceed in discovery, Plaintiff believes that the precise size (and identity and contact

information) of the Class will be readily determined from documents and records maintained by Defendant.

10. There are common questions of law and fact which predominate over individual questions, which include, but are not limited to:

 a. Whether P.F. Chang's failed to use reasonable care and commercially reasonable methods to secure and safeguard its customers' sensitive financial information;

 b. Whether P.F. Chang's properly implemented its purported security measures to protect customer financial information from unauthorized capture, dissemination, and misuse;

 c. Whether Defendant's conduct violates the Illinois and other asserted Consumer Fraud Acts;

 d. Whether Defendant's conduct constitutes breach of an implied contract; and

 e. Whether Plaintiff and the other members of the Class are entitled to damages, injunctive relief, or other equitable relief.

11. The claims of Plaintiff are typical of the members of the Class in that Plaintiff has suffered the same type of injury stemming from the same wrongful conduct as the members of the Class. A single resolution of these claims would be preferable to a multiplicity of similar actions.

12. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

399975.1

13. The class mechanism is superior to individual claims for the fair and efficient adjudication of the claims of Plaintiff and Class members. The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

14. This suit is also maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

WHEREFORE, Plaintiff respectfully requests that this Court enter a briefing schedule on the class certification motion, as it deems appropriate, after the completion of class discovery.

Dated: June 30, 2014

Respectfully submitted,

LUCAS KOSNER, individually and on behalf of all others similarly situated

By: */s/ Katrina Carroll*
Katrina Carroll, Esq.
*kcarroll@litedepalma.com*
Kyle A. Shamberg, Esq.
kshamberg@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive
Suite 500
Chicago, Illinois 60606
312.750.1591

Richard R. Gordon
*richard.gordon@gordonlawchicago.com*
**Gordon Law Offices, Ltd.**
211 West Wacker Drive
Suite 500
Chicago, Illinois 60606
312.332.5200
Fax: 312.236.7727